UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        v.                                    Criminal No. 2-12-cr20064-GCS

YAZAKI CORPORATION,            Honorable George Caram Steeh

        Defendant.
_____/

**SENTENCING MEMORANDUM**
**(Under Seal)**

Yazaki Corporation ("Defendant"), is scheduled to appear before this Court on March 1, 2012, for arraignment and expedited sentencing. As set forth in its letter to this Court of February 21, 2012, the United States requested that the Court impose sentence immediately after the guilty plea hearing. The United States submits this Sentencing Memorandum in support of its request to provide the Court with sufficient information that it may meaningfully exercise its sentencing authority under 18 U.S.C. § 3553 without preparation of a presentence report in this matter.

**The Recommended Sentence**

The United States and Defendant recommend jointly that the Court sentence Defendant to pay to the United States a $470 million criminal fine, payable in six installments, with the first payment due within forty-five (45) days of imposition of sentence and with interest accruing under 18 U.S.C. § 3612(f)(1)-(2), and no order of restitution. This is a joint recommendation under Rule 11(C)(1)(c), Fed. R. Crim. P.

There are no objections to the recommendation, and the parties have agreed that a Presentence Investigation Report is unnecessary.

I. **The United States's Fine Methodology**

The jointly recommended criminal fine is calculated using volume of commerce numbers submitted to the United States by Defendant and analyzed by the Economic Analysis Group of the Antitrust Division. Relying on data for sales of wire harnesses, instrument panel clusters, and fuel senders manufactured and/or sold to automobile manufacturers in the United States during the conspiracy period, the volume of commerce is $2.11 billion.

This volume of commerce, however, does not accurately reflect the harm this criminal conduct caused to American consumers, because it does not include commerce related to Defendant's sales of wire harnesses, instrument panel clusters, and fuel senders for automobiles manufactured abroad but ultimately imported into the United States and sold to U.S. consumers at inflated prices. Failing to account for this commerce in some manner would understate the seriousness of the offense and would not provide just punishment. In order for the fine to accurately reflect the seriousness of the offense charged, but in recognition of the complexity of this issue, the United States and Defendant agreed to an upward adjustment within the applicable Guidelines Range to account for a percentage of these sales. The recommended sentence reflects this fine calculation, with an additional downward adjustment under U.S.S.G. §8C4.1 (discussed in more detail below).

### II.  United States Sentencing Guidelines Calculation

As submitted to the Court in the February 21, 2012 letter and the accompanying Guidelines worksheet, the parties stipulated as to the appropriate application of the Sentencing Guidelines and relevant downward departure.

**A.  Base Fine**

The controlling Guideline applicable to the three counts charged is U.S.S.G. §2R1.1(d)(1), pursuant to which the base fine is 20% of the affected volume of commerce, or $422.6 million.

**B.  Culpability Score**

1. The base culpability score under U.S.S.G. § 8C2.5(a) is 5;

2. Defendant is a corporation with more than 5,000 employees, which adjusts the culpability score upward by 5 points under U.S.S.G. §8C2.5(b)(1)(A)(i);

3. Under U.S.S.G. §8C2.5(g)(2), Defendant's cooperation adjusts the culpability score downward by 2 points;

4. The total culpability score is 8.

**C.  Fine Range**

Applying the minimum/maximum multiplier under U.S.S.G. § 8C2.6, a base fine of $422.6 million and a culpability score of 8 yields a fine range of $676.1 million to $1.35 billion.

**D.  Cooperation Discount**

Based on Defendant's substantial assistance in the United States's investigation of price fixing in the auto parts industry, the United States respectfully submits that a discount of thirty percent (30%) is appropriate under U.S.S.G. § 5K1.1.

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████ Therefore, a departure of thirty percent (30%) from the bottom of the Guidelines range as calculated above is appropriate in fashioning a reasonable sentence for Defendant.

## Conclusion

For the reasons set forth above, the Court should impose the recommended sentence of a $470 million criminal fine, payable in six installments, with the first payment due within forty-five (45th) days after the imposition of sentence and with interest accruing under 18 U.S.C. § 3612(f)(1)-(2), and no order of restitution.

Respectfully Submitted,

_____

Kathryn Hellings
Shane Cralle
Matthew Lunder
Trial Attorneys, Antitrust Division
U.S. Department of Justice
450 5th Street NW, Suite 11300
Washington, DC 20530
(202) 307-6694

Dated: February _____ , 2012